### CALLOWAY v. STATE.
No. 25112.

Court of Criminal Appeals of Texas.

Jan. 24, 1951.

McCarthy, Snodgrass, Aikman & Haynes, by George S. McCarthy, Amarillo, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a sentence of fifteen years in the penitentiary.

On the night of March 29, 1948, the appellant was engaged with a crowd of other Negroes at 303 Monroe Street in Amarillo, which is within a section known as the "Flats". The only reference to the nature of the party was that they were drinking wine and all seemed to be happy. There were no disagreements and no disturbance of any kind.

At about ten o'clock Willie Foster left the residence by the front door, apparently going to the adjoining apartment. Some five minutes later appellant left by the side door. Some ten minutes after appellant left the deceased returned to 303. He gained entrance, whereupon it was discovered that blood was flowing from the front part of his body. The police were called and Foster was escorted by friends to a drug store across the street where he collapsed. He died some time later. The record shows no statement from him involving appellant, though it was four days before he died.

The State relies for a conviction on the statement of the witness Harris, who lived some three blocks away from the scene of the crime. He says that at a late hour that night appellant came to his house, woke him up and tried to borrow some money for the purpose of leaving, and made the statement that he had stabbed a man with an ice pick and that he had to do it. The witness gave appellant no money. It was the conclusion of the witness that appellant just told him that to get the witness to give him some money. They had known each other in Panola County, Texas.

An officer testified that they arrested appellant some two years later in Lubbock. There were other parties present at 303 Monroe Street on the night of the crime who have not been located by the officers.

There is no other evidence in the case whatsoever that in the remotest way creates a circumstance against appellant and the State relies solely upon this extra-judicial statement for a conviction. The State's Attorney has expressed doubt about the sufficiency of the evidence. We concur in his statement.

Because of the insufficiency of the evidence the judgment is reversed and the cause is remanded.